United States District Court
District of Massachusetts

| | |
|---|---|
| Malein Meas, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-12236-NMG |
| Doug Demoura, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

In March, 2008, a Middlesex County grand jury indicted Malein Meas ("Meas" or "petitioner") on one count of murder in the first degree and one count of carrying a firearm without a license. A jury trial was held in November, 2010, in Middlesex County Superior Court ("the Trial Court") and Meas was ultimately convicted on the firearm charge and on the lesser-included offense of second-degree murder. He was sentenced to life imprisonment on the murder conviction and a concurrent term of four to five years on the firearm conviction. He is currently incarcerated at the Department of Correction Institution in Concord, Massachusetts.

Following his convictions, Meas appealed and the Massachusetts Appeals Court ("the Appeals Court") affirmed. The Supreme Judicial Court ("the SJC") denied Meas' application for further appellate review. Thereafter, Meas filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. **Analysis**

A. **Legal Standard**

To secure federal habeas corpus relief in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must demonstrate that the "last reasoned state court decision" in the case

> resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Janosky v. St. Amand, 594 F.3d 39, 47 (1st Cir. 2010) ("Because the [Supreme Judicial Court] summarily denied further appellate review, we look to the last reasoned state-court decision — in this case, the [Massachusetts Appeals Court's] rescript."). Here, the last reasoned decision of a state court is the decision of the Appeals Court affirming Meas' conviction. See id.

The United States Supreme Court has stated that the "contrary to" and "unreasonable application" clauses of § 2254 have "independent meaning" thus providing two different avenues for a petitioner to obtain relief. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court's adjudication will be "contrary to" clearly established Supreme Court precedent if it either "applies a rule that contradicts the governing law set forth" by the Supreme Court or considers facts that are "materially indistinguishable" from a Supreme Court decision and arrives at a different conclusion. Id. at 405-06.

On the other hand, the decision of a state court will constitute an "unreasonable application" of clearly established Supreme Court precedent if it "identifies the correct governing legal principle" from the Supreme Court but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Consequently, a federal habeas court may not grant relief simply because that court concludes in its independent judgment that the decision of the state court applied clearly established federal law erroneously or incorrectly. Id. at 411. It must further conclude that such an application was unreasonable. Id.

A reviewing federal habeas court "shall . . . presume[] to be correct" factual determinations made by a state court unless

the petitioner can rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Cooper v. Bergeron, 778 F.3d 294, 296 (1st Cir. 2015).

B. Application

Meas proffers two primary grounds in support of his petition for habeas relief. First, he objects to the Trial Court's refusal to "definitively rule" on his motion for a required finding of not guilty. Second, he maintains that two jury instructions violated his right to due process pursuant to the Fourteenth Amendment to the United States Constitution. The Commonwealth of Massachusetts responds that Meas is not entitled to habeas relief because 1) the decision of the Appeals Court was not contrary to or an unreasonable application of clearly established Supreme Court precedent; 2) Meas' petition presents issues of state law not subject to habeas review; and 3) Meas has not properly exhausted his claims.

1. **Meas' Motion for a Required Finding of Not Guilty**

Meas submits that the Trial Court's failure to render a "definitive" ruling on his motion for a required finding of not guilty 1) violated Mass. R. Crim. P. 25(a), 2) deprived him of his right to have sufficient evidence presented against him and 3) forced him to decide whether to testify in his defense without knowing if the Commonwealth possessed sufficient

evidence to support a conviction of first-degree murder. Meas' arguments are uniformly unpersuasive.

As a preliminary matter, Meas fails to proffer any Supreme Court precedent clearly establishing the rights he claims were violated by the Trial Court. He asserts that the Trial Court violated Mass. R. Crim. P. 25(a), which directs a trial court to enter a finding of not guilty after the close of evidence offered by either side if the evidence is insufficient as a matter of law to sustain a conviction on the offense charged. As the Appeals Court explained, however, "[t]he trial judge did not reserve decision. On the record, the judge explicitly denied the defendant's motion." Commonwealth v. Meas, No. 15-P-710, 2016 WL 1728790, at *1 (Mass. App. Ct. 2016). Meas mistakes his disagreement with the Trial Court's ruling for a violation of the rule. In any event, the failure of a state court to follow a state court rule of criminal procedure is not an appropriate subject for federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (reiterating that "federal habeas corpus relief does not lie for errors of state law.").

Meas separately complains that the Trial Court's ruling allowed the Commonwealth to conclude its case in chief without sufficient evidence to establish guilt beyond a reasonable doubt. Meas argues this is either contrary to or an

unreasonable application of In re Winship, 397 U.S. 358, 364 (1970) and Jackson v. Virginia, 443 U.S. 307, 319 (1979). In In re Winship, the Supreme Court considered a juvenile adjudication in which a state court was permitted to find guilt based upon a preponderance of the evidence. 397 U.S. at 361. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that all criminal convictions be supported by evidence proved beyond a reasonable doubt. Id. at 365. In Jackson, the Supreme Court held that federal habeas courts must ensure that criminal convictions meet the standard set in In re Winship. Jackson, 443 U.S. at 318-19. In other words, a federal habeas court should scrutinize underlying convictions to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

Meas correctly recites Jackson's holding but misconstrues its application. Nothing in Jackson entitles a defendant to a sufficiency finding at the close of the prosecution's case. Jackson requires a reviewing court to scrutinize only whether the evidence presented was such that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See id. Furthermore, that the Trial Court and Appeals Court cited Commonwealth v. Lattimore 378 Mass. 617

(1979) rather than Jackson is of no consequence because the standards are equivalent. See Foxworth v. St. Amand, 570 F.3d 414, 426 (1st Cir. 2009) (noting that in Lattimore the SJC applied the federal Jackson standard to the Commonwealth).

Meas further submits that the trial judge's failure to rule on his motion for a required finding of not guilty further violated his rights by forcing him to decide whether to testify without knowing whether the Commonwealth had presented sufficient evidence against him.

As noted by the Appeals Court, Meas raises a "novel theory" when he claims that his decision to testify was affected by the Trial Court's failure to make a sufficiency finding and enter a required finding of not guilty at the close of the Commonwealth's case. See Jenkins v. Bergeron, 824 F.3d 148, 153 (1st Cir. 2016) ("[T]he Supreme Court has never articulated the standard for assessing whether a criminal defendant has validly waived his right to testify or determined who has the burden of production and proof under particular circumstances."). Thus, a violation, if one exists, is not in contravention of clearly established Supreme Court precedent.

In any event, the Appeals Court was not unreasonable in concluding that even if Meas has such a right, there was sufficient evidence presented against him to meet the Jackson

standard. The standard of review for Jackson sufficiency claims is deferential. See Parker v. Matthews, 567 U.S. 37, 40-41 (2012). It is met if the evidence presented against the defendant at trial was such that any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Linton v. Saba, 812 F.3d 112, 123 (1st Cir. 2016). On habeas review, a petitioner must meet a "twice-deferential" standard by demonstrating that the decision of the reviewing state court was "objectively unreasonable." See id.

The Appeals Court determined sufficient evidence was presented for the jury to conclude the following:

> The defendant and [the victim] did not know each other. In the early morning hours of January 20, 2008, they both arrived at a 7-Eleven convenience store and gasoline station in separate cars at approximately the same time. The defendant got out of the car in which he arrived. He looked at [the victim], who was still seated in a different car, and asked, "What the fuck are you looking at?" This upset [the victim]. The defendant then walked into the convenience store. A few minutes later, as the defendant left the store, [the victim] got out of the car and hit or punched the defendant in the face or head. There was evidence of a broken beer bottle. The defendant said, "So you think you're tough", pulled a gun from his waistband, and shot [the victim] three times. The three shots were fired within a matter of seconds, during which time the defendant chased [the victim] and [the victim] attempted to run and duck behind a car. One of [the victim's] wounds was described as a contact shot, or a shot that was fired while the gun was either touching [the victim] or within one inch of him.

Meas, 2016 WL 1728790 at *2 (footnotes omitted).

Meas challenges only the Trial Court's denial of his motion for a required finding of not guilty with respect to the deliberate premeditation element of the first-degree murder charge. Deliberate premeditation means that the decision of the defendant to kill "was the product of cool reflection." Commonwealth v. Gambora, 933 N.E.2d 50, 64 (2010). Such "cool reflection" does not require a particular period of time and a "plan to murder may be formed in seconds." Id. As found by the Appeals Court, Meas' statement "So you think you're tough" is relevant to assessing his state of mind and supports a finding of cool reflection. Similarly, the fact that the victim attempted to flee and Meas proceeded to fire multiple shots in rapid succession at close range further supports a finding of premeditation. See Meas, 2016 WL 1728790 at * 3 (holding that the "[p]lacement of the fatal wound, fired at close range into the victim's chest would also support a finding of deliberate premeditation").

Accordingly, the Appeals Court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent with respect to the denial of Meas' motion for a required finding of not guilty at the close of the prosecution's case.

### 2. Jury Instructions

Meas proposed two jury instructions supporting his theory that he acted in self-defense after being struck in the head with a beer bottle by the victim. He first proposed that the trial judge instruct the jury that should they find that the first shot fired by Meas killed the victim, any subsequent shots should be disregarded. Meas also asked the trial judge to instruct the jury that a beer bottle may be considered a dangerous weapon. The Trial Court denied Meas' requests and that ruling was affirmed by the Appeals Court.

Meas contends that the Trial Court's rejection of his proposed instructions violated his right to due process. The Commonwealth responds that Meas' claims either present issues of state law not subject to habeas review or are unexhausted.

A federal habeas court must accept the rulings of a state court on state law issues. Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005) (quoting Estelle, 502 U.S. at 67). For that reason, improper jury instructions seldom form the basis for habeas relief. Hardy v. Maloney, 909 F.3d 494, 499 (1st Cir. 2018) (quoting Niziolek v. Ashe, 694 F.2d 282, 290 (1st Cir. 1982)). It is not enough that a jury instruction be deemed "undesirable, erroneous, . . . universally condemned" or noncompliant with state model instructions. Gaines v. Matesanz,

272 F. Supp. 2d 121, 131 (D. Mass. 2003) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973) (internal quotation marks omitted)); see also Estelle, 502 U.S. at 71. Federal habeas relief is proper only when an instruction is deemed so erroneous that it violates a criminal defendant's federal right to due process pursuant to the Due Process Clause of the Fourteenth Amendment. Niziolek, 694 F.2d at 287 ("Of course, state trial errors that render a fair trial impossible will be cognizable in federal habeas corpus, because such errors violate the due process clause."). Individual instructions must be examined in the context of the whole jury charge rather than in isolation and petitioner must show "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 72 (quoting Cupp, 414 U.S. at 147.

Preliminarily, the Appeals Court concluded that the Trial Court's jury instructions "adequately and accurately reflected the law" and were compliant with the Massachusetts Model Jury Instructions on Homicide (1999). Furthermore, Meas was permitted to present his theories of what constitutes a deadly weapon and self-defense to the jury throughout the proceedings. The trial judge even gave a supplemental instruction emphasizing

the jury's obligation to look at all the evidence, "including any weapon that either party may have brought to the fight."

Even if Meas could establish a due process violation, he is not entitled to habeas relief because he failed properly to exhaust his claim. A habeas petitioner seeking relief pursuant to § 2254 must first exhaust all claims by presenting them to a state court. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Meas submits that his claim of error regarding jury instructions was "federalized" by virtue of his submissions to the Appeals Court. A detailed review of those submissions reveals, however, only a vague reference to the federal claim Meas now presses on habeas review.

To avoid dismissal for failure to exhaust, a petitioner must do more than merely "scatter[] some makeshift needles in the haystack of the state court record." Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). The onus is on the petitioner to alert the "[state court] to the claim's federal quality and approximate contours." Id.

The pleadings filed by Meas reveal little, if any, instruction to the Appeals Court on the federal nature of his claim. His citations are insufficient to put a reasonable jurist on notice and he effectively left the Appeals Court to sift through his pleadings unaided to identify due process violations not "face-up and squarely" presented. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

The Appeals Court's examination of the jury instructions was limited to whether the instructions violated Massachusetts law. Specifically, the Appeals Court confirmed that the jury instructions followed Massachusetts law and clarified that Meas was not entitled to hand select instructions. Absent from the Appeals Court's opinion is any citation to federal authority. Similarly, missing from petitioner's submissions to the Appeals Court is any reference to federal due process. Petitioner cites a single federal case, United States v. Jones, 880 F.2d 55 (8th Cir. 1989), which involves an instruction regarding inconsistent witness testimony. Consequently, the occasional "needles" of petitioner's due process claim, if any, were far too scattered to raise a federal claim in the Appeals Court. Accordingly, petitioner's claim is unexhausted and cannot form the basis for federal habeas relief. See § 2254(b)(2).

ORDER

For the foregoing reasons, the petition of Malein Meas for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated March 16, 2020