United States District Court
District of Massachusetts

| | |
|---|---|
| Malein Meas,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>Doug Demoura,<br><br>　　　　Respondent. | Civil Action No.<br>16-12236-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

In March, 2008, a grand jury of the Massachusetts Superior Court for Middlesex County indicted Malein Meas ("Meas" or "petitioner") on one count of murder in the first degree and one count of carrying a firearm without a license.  A jury trial was held in November, 2010, in that Court ("the Trial Court") and Meas was ultimately convicted on the firearm charge and on the lesser-included offense of second-degree murder.  He was sentenced to life imprisonment on the murder conviction and a concurrent term of four to five years on the firearm conviction.  He is currently incarcerated at the Massachusetts Correctional Institution in Concord.

Following his convictions, Meas appealed and the Massachusetts Appeals Court ("the MAC") affirmed.  The Supreme

Judicial Court ("SJC") denied Meas' application for further appellate review.  Thereafter, Meas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In March, 2020, this Court entered an order dismissing the habeas petition. Meas subsequently filed a notice of appeal to the First Circuit Court of Appeals in May, 2020.

In early September, the Clerk of this Court received a letter from Meas requesting "a copy of the Certificate of Appealability."  Because no such certificate had been filed, the Court will treat the letter as a motion for a certificate of appealability ("COA").

I.      **Certificate of Appealability**

   A.   **Legal Standard**

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing", a petitioner seeking a COA must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the standard of debatable-among-jurists-of-reason the petitioner

must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

**B.   Application**

Reasonable jurists would not debate whether Meas' habeas petition should have been decided differently.

Meas first alleges violations resulting from the Trial Court's purported refusal to rule definitively on his motion for a required finding of not guilty.  Specifically, he contends that the Trial Court's refusal to rule on his motion 1) violated Mass. R. Crim. P. 25(a), 2) allowed the government to avoid having to present sufficient evidence to establish his guilt beyond a reasonable doubt and 3) forced him to testify when he otherwise would have abstained.

As a preliminary matter, the MAC determined that the Trial Court did not reserve judgment on Meas' motion, as he claims, but instead explicitly denied the motion.  Even assuming, however, that the Trial Court did fail to rule definitively on his motion, petitioner's allegations are without merit.

With respect to petitioner's first allegation, that the Trial Court's failure to rule on his motion violated Mass. R. Crim. P. 25(a), any alleged failure of the Trial Court to follow a state court rule of criminal procedure is not an appropriate

subject for federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Therefore, Meas has not made the required substantial showing of entitlement to habeas relief as to that claim.

As to petitioner's other two allegations, Meas cites the standard in Jackson v. Virginia, 443 U.S. 307 (1979) to support his theory that the Trial Court violated his rights by allowing the government to rest without having presented sufficient evidence which, in turn, forced him to testify. The Jackson decision, however, provides no support for the theory that a defendant is entitled to a sufficiency finding at the close of the prosecution's case. Furthermore, a federal court considering a habeas petition raising a Jackson claim must apply a "twice-deferential standard" that requires upholding the state court decision unless it was "objectively unreasonable." Linton v. Saba, 812 F.3d 112, 123 (1st Cir. 2016). The MAC determined that sufficient evidence was presented against petitioner such that any rational trier of fact could have found the elements of the crime charged beyond a reasonable doubt. Commonwealth v. Meas, No. 15-P-710, 2016 WL 1728790, at *6-9 (Mass. App. Ct. 2016). Because this Court found the analysis of the MAC to be a reasonable application of clearly established Supreme Court precedent, reasonable jurists could not debate whether the MAC's decision was objectively unreasonable.

Petitioner also maintains that the Trial Court's rejection of two proposed jury instructions violated his right to due process pursuant to the Fourteenth Amendment to the United States Constitution.  First, the MAC held that the jury instructions fully complied with Massachusetts state law, a ruling which this Court is required to accept. See Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005).  Second, to the extent Meas has a claim for denial of due process, he has not properly exhausted such a claim as required by § 2254 in that he failed to raise it before the MAC. See Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989) (exhaustion requires the presentation of a claim in state court that "alert[s] the tribunal to the claim's federal quality and approximate contours"). There is no reference to any federal due process claim in either petitioner's submission to the MAC or the resulting opinion of that Court.

Accordingly, Meas has not made the required substantial showing of entitlement to either habeas relief or to a certificate of appealability.

**ORDER**

For the foregoing reasons, the letter of Meas dated August 28, 2020, (Docket No. 45) treated here as a motion for a certificate of appealability is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 2, 2020